| | |
|---|---|
| 1 | LYNN HUBBARD, III, SBN 69773 |
| | **DISABLED ADVOCACY GROUP, APLC** |
| 2 | 12 Williamsburg Lane |
| | Chico, CA 95926 |
| 3 | Telephone: (530) 895-3252 |
| | Facsimile: (530) 894-8244 |
| 4 | Email: USDCCentral@HubsLaw.com |
| 5 | |
| | Attorneys for Plaintiff |

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDI RUSH, | ) | No. **EDCV12-667 VAP(SPx)** |
| Plaintiff, | ) | |
| | ) | **Plaintiff's Complaint** |
| vs. | ) | |
| REGAL CINEMAS, INC. dba REGAL FOOTHILL TOWNE CENTER, | ) ) ) | |
| Defendant. | ) | |

## I. SUMMARY

1. This is a civil rights action by plaintiff Sandi Rush ("Rush") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Regal Foothill Towne Center
26602 Towne Centre Drive
Foothill Ranch, CA 92610
(hereafter "the Theater")

2. Rush seeks damages, injunctive and declaratory relief, attorney fees and costs, against Regal Cinemas, Inc. dba Regal Foothill Towne Center (hereafter "Regal Foothill Towne Center") pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Rush's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Regal Foothill Towne Center owns, operates, and/or leases the Theater, and consists of a person (or persons), firm, and/or corporation.

8. Rush is a paraplegic who is unable to walk or stand, and requires the use of a wheelchair when traveling about in public. Consequently, Rush is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Theater is a place of exhibition or entertainment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Rush visited the Theater and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Rush, the barriers at the Theater included, but are not limited to, the following:

- All of the disabled parking spaces have slopes and cross slopes that exceed 2.0% due to encroaching built-up curb ramps. Without a level parking space, it becomes difficult for Rush to transfer/unload from her vehicle as either her wheelchair rolls, or her lift's platform cannot sit level;

- Three of the access aisles have slopes and cross slopes that exceed 2.0% due to encroaching built-up curb ramps. Without a level access aisle, it becomes difficult for Rush to transfer/unload from her vehicle as either her wheelchair rolls, or her lift's platform cannot sit level;

- There are no parking spaces designated as being van accessible, thus making it difficult for Rush to determine which space(s) will accommodate her van;

*Restroom No. 1 (to the left of the snack bar):*

- There is no signage at the strike side of the restroom door, thus making it difficult for Rush to determine if the facility is intended to be accessible to her, or if she should find another that is;
- There is no handle on the exterior of the water closet stall door, thus making it difficult for Rush to open;
- The water closet stall door is not self-closing, thus making it difficult for Rush to shut;
- The toilet tissue dispenser is mounted too far from the back wall, thus making it difficult for Rush to reach and use;
- The toilet tissue dispenser is mounted too far from the front of the water closet, thus making it difficult for Rush to reach and use;
- The pipes beneath all of the lavatories are incompletely wrapped, thus causing Rush to risk burning her legs when using;
- Both of the soap dispensers are mounted too high, thus making them difficult for Rush to reach and use;
- The operating controls for the sanitary napkin dispenser are mounted too high, thus making them difficult for Rush to reach and use;
- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Rush to pull open the door;

*Restroom No. 2 (to the right of the snack bar):*

- There is no signage at the strike side of the restroom door, thus making it difficult for Rush to determine if the facility is intended to be accessible to her, or if she should find another that is;
- There is no handle on the exterior of the water closet stall door, thus making it difficult for Rush to open;

- The water closet stall door is not self-closing, thus making it difficult for Rush to shut;
- The clothing hook on the interior of the water closet stall door is mounted too high, thus making it difficult – if not impossible – for Rush to reach and use;
- The toilet tissue dispenser is mounted too far from the back wall, thus making it difficult for Rush to reach and use;
- The toilet tissue dispenser is mounted too far from the front of the water closet, thus making it difficult for Rush to reach and use;
- The pipes beneath all of the lavatories are incompletely wrapped, thus causing Rush to risk burning her legs when using;
- Both of the soap dispensers are mounted too high, thus making them difficult for Rush to reach and use;
- The operating controls for the sanitary napkin dispenser are mounted too high, thus making them difficult for Rush to reach and use; and,
- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Rush to pull open the door;

These barriers prevented Rush from enjoying full and equal access.

11. Rush was also deterred from visiting the Theater because she knew that the Theater's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Theater because of the future threats of injury created by these barriers.

12. Rush also encountered barriers at the Theater, which violate state and federal law, but were unrelated to her disability. Nothing within this complaint, however, should be construed as an allegation that Rush is seeking to remove barriers unrelated to her disability.

*Rush v. Regal Cinemas, Inc.*
Plaintiff's Complaint

Page 5

13. Regal Foothill Towne Center knew that these elements and areas of the Theater were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Regal Foothill Towne Center has the financial resources to remove these barriers from Regal Foothill Towne Center (without much difficulty or expense), and make the Theater accessible to the physically disabled. To date, however, Regal Foothill Towne Center refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Regal Foothill Towne Center has possessed and enjoyed sufficient control and authority to modify the Theater to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Regal Foothill Towne Center has not removed such impediments and has not modified the Theater to conform to accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. Rush incorporates the allegations contained in paragraphs 1 through 15 for this claim.

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Regal Foothill Towne Center discriminated against Rush by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Theater during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20. Here, Rush alleges that Regal Foothill Towne Center can easily remove the architectural barriers at Theater without much difficulty or expense, and that Regal Foothill Towne Center violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21. In the alternative, if it was not "readily achievable" for Regal Foothill Towne Center to remove the Theater's barriers, then Regal Foothill Towne Center violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

22. On information and belief, the Theater was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24. Here, Regal Foothill Towne Center violated the ADA by designing or constructing (or both) the Theater in a manner that was not readily accessible to the physically disabled public—including Rush—when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

25. On information and belief, the Theater was modified after January 26, 1992, independently triggering access requirements under the ADA.

26. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27. Here, Regal Foothill Towne Center altered the Theater in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Rush—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

28. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Here, Regal Foothill Towne Center violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Theater, when these modifications were necessary to afford (and would not

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

Rush v. Regal Cinemas, Inc.
Plaintiff's Complaint

fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30. Rush seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31. Rush also seeks a finding from this Court (*i.e.*, declaratory relief) that Regal Foothill Towne Center violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
### Disabled Persons Act

32. Rush incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36. Here, Regal Foothill Towne Center discriminated against the physically disabled public—including Rush—by denying them full and equal access to the Theater. The Regal Foothill Towne Center also violated Rush's rights under the ADA, and, therefore, infringed upon or violated (or both) Rush's rights under the Disabled Persons Act.

*Rush v. Regal Cinemas, Inc.*
Plaintiff's Complaint

37. <u>For each offense</u> of the Disabled Persons Act, Rush seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

38. She also seeks to enjoin Regal Foothill Towne Center from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

39. Rush incorporates the allegations contained in paragraphs 1 through 30 for this claim.

40. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

42. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

43. Regal Foothill Towne Center's aforementioned acts and omissions denied the physically disabled public—including Rush—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

44. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Rush by violating the Unruh Act.

45. Rush was damaged by Regal Foothill Towne Center's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

46. Rush also seeks to enjoin Regal Foothill Towne Center from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

47. Rush incorporates the allegations contained in paragraphs 1 through 13 for this claim.

48. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

49. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50. Rush alleges the Theater is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Theater was not exempt under Health and Safety Code § 19956.

51. Regal Foothill Towne Center's non-compliance with these requirements at the Theater aggrieved (or potentially aggrieved) Rush and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*Rush v. Regal Cinemas, Inc.*
Plaintiff's Complaint

## X. PRAYER FOR RELIEF

WHEREFORE, Rush prays judgment against Regal Foothill Towne Center for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Regal Foothill Towne Center violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[2]

5. Interest at the legal rate from the date of the filing of this action.

DATED: April 25, 2012        DISABLED ADVOCACY GROUP, APLC

_____
LYNN HUBBARD, III
Attorney for Plaintiff

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Rush v. Regal Cinemas, Inc.*
Plaintiff's Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge  Virginia A. Phillips  and the assigned discovery Magistrate Judge is  Sheri Pym  .

The case number on all documents filed with the Court should read as follows:

**EDCV12-667 VAP(SPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☑ Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (01/09)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| SANDI RUSH,  PLAINTIFF(S) <br> v. <br> REGAL CINEMAS, INC. dba REGAL FOOTHILL TOWNE CENTER, <br><br> DEFENDANT(S). | EDCV12-667 VAP(SPx) <br><br> SUMMONS |

TO:   DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __LYNN HUBBARD, III__, whose address is __Law Office of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __5-1-12__        By: __NANCY INTERIANO__
                             Deputy Clerk

                             (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SANDI RUSH | REGAL CINEMAS, INC. dba REGAL FOOTHILL TOWNE CENTER, |
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>SAN DIEGO | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Lynn Hubbard, III, SBN 69773<br>LAW OFFICE OF LYNN HUBBARD<br>12 Williamsburg Lane<br>Chico, CA  95926  (530) 895-3252 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $ excess $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S. C. Section 12100, et seq. ongoing violations of ADA Construction Standards

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | BANKRUPTCY | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 160 Stockholders' Suits | | ☐ 441 Voting | | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 195 Contract Product Liability | | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 210 Land Condemnation | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| | ☐ 220 Foreclosure | | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY:    Case Number:    **EDCV12-667 VAP(SPx)**

CV-71 (01/03)                                    CIVIL COVER SHEET                                    Page 1 of 2

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

SAN DIEGO COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

LOS ANGELES COUNNTY

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

RIVERSIDE COUNTY

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_____  Date APRIL 30, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |